No. 2023.—J. Trasimond Landry *v.* Widow Ursin Landry.

An appeal taken by the defendant must be prosecuted within the time fixed in the order.
An appeal will not lie in favor of the intervening creditor after the time fixed by the order for the defendant to appeal has expired; in such a case the judgment becomes *res judicata.*

APPEAL from the Fifth District Court, parish of West Baton Rouge. *Posey,* J. *Favrot & Lamon,* for appellee, *Barrow & Pope,* for appellant.

Ludeling, C. J. On the fourth January, 1868, the plaintiff obtained a judgment against the defendant for $7784 90, with eight per cent. interest per annum from April 1, 1860, till paid, subject to a credit of fifty dollars paid on eleventh November, 1865, with mortgage on the property, specially mortgaged to secure the debt. The defendant obtained an order for a devolutive appeal from this judgment on the fourth day of January, 1868, returnable according to law. She failed to give bond and bring up the appeal on the next return day for appeals from that district, to wit: the fourth Monday of January, 1868. On the twenty-ninth day of December, 1869, she gave bond and security, without having obtained any other order for an appeal.

On the fourth day of January, 1869, J. B. O. Hebert presented a petition to the Judge of the District aforesaid, stating that he was a creditor of the defendant, who, he alleged, was insolvent, and that he was aggrieved by the judgment rendered in the suit entitled J. Trasimond Landry *v.* Widow Ursin Landry, and praying for a devolutive appeal therefrom, which was granted; and he gave bond and security on the same day.

A motion to dismiss the appeals of both appellants has been made on the following grounds: That the defendant failed to give bond and

bring up the appeal on or before the next return day, for appeals from that district, to wit: the fourth Monday of January, 1868, and therefore the judgment is final. That the judgment, having become final and executory between the original parties to the suit, cannot be revised or amended for the benefit of an alleged aggrieved creditor.

So far as relates to the defendant the appeal must be dismissed on account of the failure to prosecute the original appeal. 4 La. 41; 3 An. 339; 10 An. 235; 1 R. 100; C. P. 594.

In relation to the intervening creditor, he has lost his right of appeal by his laches in not appealing before the expiration of the time in which the defendant's appeal was to be prosecuted. 7 N. S. 345. The judgment is *res judicata.*

It is therefore ordered that the appeals be dismissed at the costs of the appellants.

Rehearing refused.